EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Javier Torres Cruz<br><br>Recurrido | Certiorari<br><br>2015 TSPR 138<br><br>193 DPR ____ |

Número del Caso: CC-2015-836

Fecha: 15 de octubre de 2015

Tribunal de Apelaciones:

      Región Judicial de Guayama

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Yazmet Y. Ramírez Díaz
      Procuradora General Auxiliar

Materia: Resolución del Tribunal con Voto Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico

    Peticionario

        v.                   CC-2015-0836

Javier Torres Cruz

    Recurrido

RESOLUCIÓN

San Juan, Puerto Rico, a 15 de octubre de 2015

Evaluada la *"Urgente Solicitud de Reconsideración"*, presentada por el Pueblo de Puerto Rico, se provee no ha lugar.

Notifíquese inmediatamente vía facsímil, teléfono, correo electrónico y correo ordinario.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco hace constar la siguiente expresión:

> La Jueza Asociada Pabón Charneco disiente y, en consecuencia, declararía Ha Lugar la *Urgente Solicitud de Reconsideración* presentada por la Procuradora General. El Pueblo de Puerto Rico cuenta con las herramientas estatutarias para mantener la custodia del señor Javier Torres Cruz mientras las partes se expresan dentro del término de quince (15) días y se evalúan los méritos de la petición de *certiorari* con la urgencia que ameritan las circunstancias de este caso.
>
> Además, discrepo de una mayoría de este Tribunal que hoy sostiene la excarcelación irrestricta del señor Torres Cruz, atentando así contra el interés público sin que se le

ordene al Tribunal de Primera Instancia la imposición de restricciones y/o garantías necesarias para que el Estado pueda hacer efectiva su jurisdicción y que el recurrido comparezca ante el Tribunal.

El Juez Asociado señor Rivera García emitió un Voto Particular Disidente al cual se une la Jueza Asociada señora Pabón Charneco. La Jueza Asociada Oronoz Rodríguez no intervino.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico                                        *Certiorari*

    Recurrido

        v.
                               CC-2015-0836
Javier Torres Cruz

    Peticionario

Voto Disidente emitido por el Juez Asociado señor RIVERA GARCÍA al que se unió la Jueza Asociada señora PABÓN CHARNECO.

En San Juan, Puerto Rico, a 15 de octubre de 2015.

Principios elementales de orden procesal me obligan a disentir respetuosamente de la determinación de este Tribunal que en el día de hoy declara sin lugar una *Urgente Solicitud de Reconsideración* presentada por la Procuradora General. En su moción de reconsideración, la Procuradora General nos solicita que reconsideremos una Resolución emitida en este caso el pasado 9 de octubre de 2015, mediante la cual se ordenó la excarcelación del Sr. Javier Torres Cruz, parte recurrida ante este Foro, sin que todavía se haya atendido en los méritos la Petición de *certiorari* que pende ante nuestra consideración.

Como diría el refrán popular, <u>hemos puesto la carreta</u> <u>delante de los bueyes</u>. Es decir, hemos otorgado un remedio legal drástico que prácticamente adjudica la controversia de este caso —**la excarcelación de un reo contra quien pesa una sentencia condenatoria final y firme**- cuando todavía ni tan siquiera ha transcurrido el término de 15 días que otorgamos a las partes para que se expresaran sobre los méritos del auto de *certiorari* que expedimos. Me preocupa profundamente que en términos procesales esta Curia conceda livianamente y sin mayor rigor analítico una orden de excarcelación sin que todas las partes hayan comparecido a presentar su postura y sin el beneficio de un debate colegiado. Por los fundamentos que explico a continuación, declararía con lugar la solicitud de la Procuradora General.

I

El 28 de septiembre de 2015, el Tribunal de Apelaciones emitió una Sentencia en este caso en la cual concluyó que procedía la aplicación del principio de favorabilidad que regula el Art. 4 del Código Penal de 2012, 33 LPRA sec. 5004, en cuanto a las enmiendas introducidas por la Ley Núm. 246-2014 a ese cuerpo reglamentario. En particular, concluyó el Foro Apelativo Intermedio que procedía modificar la Sentencia condenatoria que pesa contra el recurrido ya que la Ley Núm. 246, <u>íd.</u>, redujo la pena de reclusión del delito de escalamiento, Art. 194 del Código Penal, 33 LPRA sec.

5265, de cuatro años a seis meses. Cónsono con lo anterior, se ordenó al Pueblo de Puerto Rico que certificara al Foro Primario en cinco días el tiempo de reclusión cumplido por el recurrido al 28 de septiembre de 2015. De esa forma, si excedía de seis meses, procedía la excarcelación del recurrido.

En desacuerdo, el 5 de octubre de 2015, la Procuradora General acudió ante este Tribunal mediante *Petición de Certiorari* y *Moción en Auxilio de Jurisdicción* en la que adujo que procedía revocar la determinación del Tribunal de Apelaciones ya que, a su modo de ver las cosas, no aplica a este caso el principio de favorabilidad. El 6 de octubre de 2015, este Foro emitió una Resolución en que concedió un término simultáneo de 15 días a las partes para que se expresaran sobre los méritos de la Petición de *Certiorari*. Dicho término vence el 21 de octubre de 2015. Además, en la aludida Resolución, declaramos sin lugar la moción en auxilio de jurisdicción y ordenamos a la Oficina de la Procuradora General que presentara una certificación del tiempo en reclusión cumplido por el señor Torres Cruz.

El 9 de octubre de 2015, la Procuradora General nos certificó que el recurrido ha cumplido dos años, siete meses y veintidós días de reclusión. Entrada la tarde del mismo 9 de octubre de 2015, este Tribunal expidió el auto

de certiorari y ordenó **incondicionalmente** la excarcelación del recurrido.[1]

El 13 de octubre de 2015, la Procuradora General presentó una *Urgente Solicitud de Reconsideración*. En ella nos solicita que reconsideremos nuestro dictamen de 9 de octubre de 2015 con relación a la orden de excarcelación. En esencia, presenta los siguientes fundamentos: (1) la sentencia condenatoria que pesa sobre el recurrido es final y firme, por lo que vincula hasta que no se disponga lo contrario mediante un dictamen final y firme; (2) tras la excarcelación no existen garantías de que el recurrido comparezca ante este Tribunal a cumplir con la Resolución notificada el 6 de octubre de 2015; (3) existe la posibilidad de que el recurrido se evada, ya que el auto de excarcelación fue incondicionado (no se impuso fianza o supervisión electrónica) y;[2] (4) se obliga al Estado a litigar un asunto importante de Derecho Penal Sustantivo sin garantías efectivas de que un dictamen favorable de este Tribunal redunde en lograr que el recurrido extinga la sentencia condenatoria.

II

Sin lugar a dudas en este caso existe una sentencia contra el recurrido en que se le impuso una pena de cuatro

---

[1] La Jueza Asociada señora Pabón Charneco no intervino y el Juez Asociado suscribiente hubiese declarado sin lugar la excarcelación incondicional del recurrido.

[2] Incluso, el Estado trae ante nuestra consideración que ni la Secretaría de este Tribunal cuenta con una dirección para enviarle las notificaciones al individuo que se representa por derecho propio.

años de prisión. Dicha sentencia producto de una alegación preacordada es final y firme, y al día de hoy **no ha sido modificada expresamente** por este Tribunal. Es decir, no hemos dilucidado expresamente si procede aplicar en este caso el principio de favorabilidad. No obstante, a pesar de que no hemos resuelto expresamente en los méritos el planteamiento del principio de favorabilidad, ya para todos los efectos prácticos determinamos que al recurrido le asiste la razón. **Entonces, si ya una mayoría de este Tribunal está convencida de que procede aplicar el principio de favorabilidad, para qué concedimos un término de quince días a las partes para que se expresen sobre los méritos del recurso. ¿Por qué no resolvimos el caso prescindiendo de los términos reglamentarios, según lo permite la Regla 50 de nuestro Reglamento, 4 LPRA Ap. XXI-B? Tal como sostiene la Procuradora General, ¿por qué razón el Estado debe embarcarse en la redacción de una Alegato para presentarlo ante esta Curia, si ya ordenamos la excarcelación del recurrido concluyendo tácitamente que procede aplicar el principio de favorabilidad?**

Por otro lado, el error en conceder la excarcelación se agrava ante el hecho de que la misma se otorgó sin condiciones. Ello significa que, luego de emitida la orden de excarcelación, existe la posibilidad latente de que el recurrido abandone la jurisdicción de Puerto Rico y no cumpla con nuestra Resolución de 6 de octubre de 2015. Como mínimo, este Tribunal debe reconsiderar y condicionar

la excarcelación del recurrido a que el Tribunal de Primera Instancia implemente medidas efectivas de seguridad que garanticen la comparecencia del recurrido, como puede ser la imposición de fianza o el grillete electrónico como sugiere la Procuradora General.

Bajo ningún concepto se debe entender que este servidor está prejuzgando los méritos de la Petición de *Certiorari* de epígrafe. Ciertamente, nuestro Ordenamiento Jurídico provee herramientas a una persona convicta mediante alegación de culpabilidad para que impugne su convicción colateralmente, por medio de procedimientos posteriores a la sentencia, tales como la moción bajo la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, o el recurso de hábeas corpus. Pueblo v. Román Mártir, 169 DPR 809, 822 (2007). Dicho de otro modo, la Regla 192.1 de Procedimiento Criminal permite que cualquier persona que se halle detenida luego de recaída una sentencia condenatoria, a presentar en cualquier momento una moción en la sede del TPI que dictó el fallo condenatorio, con el objetivo de que su convicción sea anulada, dejada sin efecto o corregida, en circunstancias en que se alegue el derecho a ser puesto en libertad por cualquiera de los siguientes fundamentos:

La sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o

el tribunal no tenía jurisdicción para imponer dicha sentencia; o,

la sentencia impuesta excede de la pena prescrita por la ley; o

la sentencia está sujeta a ataque colateral por cualquier motivo [...]. 34 LPRA Ap. II.

Sin embargo, es mi criterio que la expedición de la orden de excarcelación procedería eventualmente **luego** de que las partes se expresen conforme con lo ordenado en la Resolución de 6 de octubre de 2015 y esta Curia resuelva en los méritos que el principio de favorabilidad aplica en este caso. Reitero que es un precedente peligroso conceder un remedio que prácticamente adjudica la controversia del caso sin que las partes se hayan expresado y sin que la controversia se haya adjudicado en los méritos en este Tribunal Colegiado.

De acuerdo con las consideraciones expresadas, disiento de la Resolución que emite la mayoría de este Tribunal en la que se niega a reconsiderar la Resolución emitida en autos el 9 de octubre de 2015 en lo que respecta a la excarcelación del recurrido. Por ello, reconsideraría y dejaría sin efecto la orden de excarcelación, o a lo sumo, condicionaría la misma a que el Foro Primario implemente medidas efectivas de seguridad que garanticen la comparecencia del recurrido.


                                        Edgardo Rivera García
                                            Juez Asociado